UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CURTIS DANCY

                                 Plaintiff           **COMPLAINT**

                 -Against-

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT
79 PRECINCT
POLICE COMMISSIONER RAY KELLY
POLICE OFFICER MICHAEL STOCKPOLE, TAX ID# 949692
POLICE OFFICER WILLIAMS, SHIELD #____
POLICE OFFICER CHOLE, SHIELD # _____
POLICE OFFICER JOHN DOE, SHIELD # 2464
POLICE OFFICER JOHN DOE #2-10

                             Defendants.
------------------------------------------------------------------X

NOW COMES the Plaintiff, CURTIS DANCY, by and through his attorney, Neville O. Mitchell, Esq., alleging upon information and belief of the above-named Defendants, as follows:

## VENUE AND JURISDICTION

    1:     That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and arising under the law and statutes of the State of New York.

    2:     That Jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of statute, ordinance,

regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and arising under the law and statutes of the State of New York.

3:   That Jurisdiction is founded upon the existence of a Federal Question.

4:   The amount in controversy exceeds, exclusive of interest and costs, the sum or value of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

**PARTIES:**

5:   That the Plaintiff, CURTIS DANCY, is a Citizen of the United States and is a resident of the State of New York, City of New York, and County of Kings.

6:   Upon information and belief, that at all times, The City of New York was and still is Municipal Corporation duly organized and existing under and by virtue of the laws of the State of New York.

7:   Upon information and belief, that at all times, hereinafter mentioned, the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, including all the police officers thereof.

8:   Upon information and belief, that at all time hereinafter mentioned, and on or before January 31, 2012 the defendants Police Officer Michael Stockpole, tax ID# 949692, Police officer Williams, Police Officer Chole, Police officer John Doe, shield number 2464, Police officers John Doe number two through ten were employed by Defendant, THE CITY OF NEW YORK, as police officers.

9: Upon information and belief, that at all times hereinafter mentioned, and on or about the 31st day of January 2012, the Defendant, RAY KELLY, was the Commissioner of The City of New York, and was an employee of the City of New York and was hired by the City of New York and designated as head of the police officers for The City of New York.

10: This action also arises under and the rights under the Constitution and laws of the State of New York.

11: Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, as individuals and in their capacities as police officers under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, The City of New York and the County of Kings and under the authority of their office as police officers of said State, City and County.

**PENDANT STATE CLAIMS:**

12: That upon information and belief, Notice of the Plaintiff's Claims for unlawful arrest and imprisonment, assault and intentional infliction of emotional distress, the nature of the claim and date of, the time when, the place where, and the manner in which the claim arouse was duly served upon the Comptroller Defendant, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT 79 precinct, POLICE COMMISSIONER RAY KELLY, POLICE OFFICER WILLIAMS, POLICE OFFICER CHOLE, and POLICE OFFICERS JOHN DOE NUMBERS 1-12 on April 27, 2012.

13: A hearing pursuant to §50(h) of the General Municipal Law was not held and claim remains unadjusted.

14: That more than 30 days have elapsed since the Notice of Claim has been served upon the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT 79 precinct, POLICE COMMISSIONER RAY KELLY, POLICE OFFICER WILLIAMS, POLICE OFFICER CHOLE, and POLICE OFFICERS JOHN DOE NUMBERS 1-12, and the said defendants have neglected to or refused to make any adjustment or payment thereof and that this action is commenced within the three year statute of limitations applicable to these causes of actions.

I

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF CURTIS DANCY UNLAWFUL ARREST AND UNLAWFUL IMPRISONMENT

15: The Plaintiff, CURTIS DANCY, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered 1 through 14 with the same force and effect as if more fully and at length set forth herein.

16: On or about January 31, 2012 Mr. Curtis Dancy ("PLAINTIFF") was visiting a friend in apartment 2B of 37 Kingston Avenue, Brooklyn, New York 11213. About twelve police officers entered the apartment. They yelled for everyone to get down on the floor. After Mr. Dancy got on the floor several officers handcuffed his arms behind his back. The officers then dragged him out of the apartment. The officers proceeded to strike Mr. Dancy in his face, ribs, back, and about his entire body.

17. Thereafter the officers dragged Mr. Dancy down two flights of stairs by his ankles causing the back of his head to strike the steps. Prior to exiting the building the officers covered

Mr. Dancy with a white sheet. They then put him in an ambulance. Plaintiff sustained substantial injuries and pain as a result of the defendants' actions.

18. While plaintiff was in the ambulance several police officers continued to strike him. Plaintiff was transported to Woodhull hospital and left there. Plaintiff remained hospitalized for two to three days.

19. Plaintiff was never arrested or prosecuted for a crime.

20: The defendants, and all of them, were negligent. The City of New York failed to properly train and supervise these officers.

21: As a result of the defendants' actions the Plaintiff sustained damages, and punitive damages, in the amount of one million dollars ($1,000,000.00) actual damages, for assault, unlawful arrest, unlawful imprisonment, mental anguish, emotional distress and psychological trauma.

22: That the said unlawful arrest and imprisonment were caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the Plaintiff, CURTIS DANCY, was in fact guilty of any crime as evidenced by the fact that he was left at the hospital and never charged with a crime.

23: That by reason of the aforesaid, the Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer mental pain, and will, upon information and belief, be so incapacitated in the future, and he has expended the incurred sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the Defendants, their agents,

servants and employees, including counsel fees and disbursements, and upon information and belief, will expend further sums in that direction, and the Plaintiff has been otherwise damaged.

24:   That by reason of the aforesaid, the Plaintiff, CURTIS DANCY, has been damaged in the sum that exceeds the jurisdictional limits of this and any other court having jurisdiction.

II

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF: NEGLIGENCE IN HIRING AND RETAINING

25:   The Plaintiff, CURTIS DANCY, hereby repeats and re-alleges each and every allegation contained in paragraphs marked 1 through 24 with the same force and effect as if more fully and at length set forth herein.

26:   That Defendant, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, failed to investigate the Defendants New York Police Department officer MICHAEL STOCKPOLE, TAX ID# 949692, officer WILLIAMS, SHIELD #____, officer CHOLE, SHIELD # _____, officer JOHN DOE, SHIELD # 2464, officers JOHN DOE #2-10 backgrounds and in that they hired and retained as an employees of their police department individuals whose backgrounds contained information (based on information and belief) that revealed said Defendants lacked the maturity, sensibility and intelligence to be employed by the City Defendant in that the Defendant knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees; and in that the defendants, their agents, servants, and employees were otherwise careless, negligent and reckless.

27: That the aforesaid occurrence, unlawful arrest and imprisonment, and negligence in hiring resulting in injuries there from, were caused wholly and solely by reason of the negligence of the Defendant, its agents, servants and employees without any negligence on the part of the Plaintiff.

28: That the aforesaid occurrence, the unlawful arrest and imprisonment, and negligence in hiring resulting in injuries there from, were caused wholly and solely by reason of the negligence of the Defendant, its agents, servants and employees without any negligence on the part of the Plaintiff.

29: That by reason of the aforesaid, the Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer mental pain, he has suffered in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the Defendants, their agents, servants and employees, including counsel fees and disbursements, and upon information and belief, will expend further sums in that direction, and the Plaintiff, CURTIS DANCY, has been otherwise damaged in the amount of the sum that exceeds the jurisdictional limits of this and any other court having jurisdiction

III

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF: NEGLIGENCE IN TRAINING AND SUPERVISION

30: The Plaintiff, CURTIS DANCY, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and effect as if more fully and at length set forth herein.

31: That the defendant, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, their agents, servants and employees, in particular, the named Defendants, in that they failed to train and supervise their employees, in particular, Defendants New York Police Department officer MICHAEL STOCKPOLE, TAX ID# 949692, officer WILLIAMS, SHIELD #____, officer CHOLE, SHIELD # _____, officer JOHN DOE, SHIELD # 2464, officers JOHN DOE #2-10, in that they failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

32: That the aforesaid occurrence, to wit the unlawful arrest and imprisonment, and negligence of hiring resulting in injuries there from, were caused wholly and solely by reason of the negligence of Defendant, its agents, servants and employees without any negligence on the part of the Plaintiff.

33: That by reason of the aforesaid, the Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and he has expended and incurred sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of Defendants, their agents, servants and employees, including counsel fees and disbursements, and upon information and belief, will expend further sums in that direction, and the Plaintiff has been otherwise damaged because of the unlawful charge of unlawful assembly.

34: That by reason of the aforesaid, the Plaintiff, CURTIS DANCY has been damaged in the sum that exceeds the jurisdictional limits of this and any other court having jurisdiction.

IV

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: NEGLIGENCE IN PERFORMANCE OF DUTIES

35: The Plaintiff, CURTIS DANCY, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully and at length set forth herein.

36: That the Defendants, its agents, servants and employees negligently, carelessly and recklessly performed their police duties in that they failed to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have used under similar circumstances; in that they carelessly, recklessly and negligently arrested the Plaintiff without making a proper investigation; in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained their

agents, servants and employees; and in Defendants, their agents, employees and servants were otherwise negligent, careless, and reckless.

37: That the aforesaid occurrence, to wit: the assault, unlawful arrest and imprisonment, resulting injuries to mind and body there from, were caused wholly and solely by reason of the negligence of the Defendant, its agents, servants and employees without any negligence on the part of the Plaintiff.

38: That by reason of the aforesaid, the Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer mental pain, and he has expended the incurred sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the Defendants, their agents, servants and employees, including counsel fees and disbursements, and upon information and belief, will expend further sums in that direction, and the Plaintiff has been otherwise damaged.

39: That reason of the aforesaid, the Plaintiff, CURTIS DANCY, has been damaged in the sum that exceeds the jurisdictional limits of this and any other court having jurisdiction.

V

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: INTENTIONAL AND NEGLIGENT INFLICTIONOF EMOTIONAL DISTRESS

40: The Plaintiff, CURTIS DANCY, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 39 with the same force and effect as if more fully and at length set forth herein.

41: That on January 31, 2012 the Defendants, their agents, servants and employees assaulted, wrongfully and falsely arrested, imprisoned and detained the Plaintiff without any right or grounds in New York County knowing that Plaintiff did not commit any crime.

42: The Defendants falsely accused the Plaintiff of criminal activities that the Defendant knew or should have known were unlawful, actions that were intended and did cause Plaintiff to suffer great indignities.

43: That the Plaintiff was falsely accused and his liberty restrained. The plaintiff was handcuffed and assaulted and subsequently transported by ambulance to the hospital. The plaintiff was and is wholly innocent, and was maliciously, intentionally, and willfully injured by the defendants.

44: That by reason of aforesaid the Plaintiff was deprived of his liberty was subjected to great indignity, pain, humiliation, and great distress of mind and body and was help up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the said Plaintiff has been otherwise damaged.

45: The aforesaid unlawful conduct constitute extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing, severe emotional distress.

46: The aforesaid unlawful conduct was extreme and outrageous conduct carried out with intent to cause, or disregard of a substantial probability of causing, severe emotional distress did in fact proximately and directly caused the Plaintiff's severe emotional distress.

47: And the aforesaid unlawful conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds in the sum that exceeds the jurisdictional limits of this and any other court having jurisdiction.

48: That by reason of the aforesaid, the Plaintiff, CURTIS DANCY, has been damaged in the sum that exceeds the jurisdictional limits of this and any other court having jurisdiction.

VI

## AS AND FOR A SIXTH CAUSE OF ACTION
## CIVIL RIGHTS ACTION 42 USC §1983
## UNLAWFULARREST/ IMPRISONMENT

49: The Plaintiff, CURTIS DANCY, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 48 with the same force and effect as if more fully and at length set forth herein.

**VENUE AND JURISDICTION**

50: That Jurisdiction is founded upon the existence of a Federal Question.

51: That this an action to redress the deprivation under color of state and/or federal statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. §1983, 1981, 1985(3) and arising under the Federal constitution, statues and laws as well as the laws and statutes of the State and constitution of New York.

52: That Jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to plaintiff by the First,

Fourth, and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. §1983, 1981, 1985(3) and arising under the federal constitutional laws and statutes as well as the laws, statutes, and constitution of the State of New York.

53: The amount in controversy exceeds, exclusive of interest and costs, exceeds the jurisdictional limits of this and any other court having jurisdiction.

54: That the defendants wrongfully detained the plaintiff without thoroughly investigating the facts.

55: That the defendant's rather than properly evaluate the occurrence of the facts, at the same time and place, the Defendants, THROUGH their agents, servants and employees wrongfully detained Plaintiff, CURTIS DANCY, without any right of grounds.

56: That the aforesaid unlawful detention of the Plaintiff for two to three days deprived him of his rights and liberties as set forth in the Constitution of the United States and of the State of New York, in that they imprisoned him without any conduct of part of the plaintiff to so warrant; to wit:

a) in that all of the actions of the Defendants, their agents, servants and employees, wrongfully and falsely caused plaintiff to be detained in Woodhull hospital for two to three days.

b) the detaining of plaintiff was not justified by probable cause or other legal privilege; defendants, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of Kings, and under authority of their office as Police Officers for said

City, falsely detained the plaintiff although the Defendants, acting in such know that such charges were false; and,

c) that the Defendant, their agents, servants and employees failed to adequately and properly hire, retain and supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and CITY OF NEW YORK, is evidence of the reckless lack of cautious regard for the rights of the public including Plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the Defendants; and,

d) the failure of the Defendant, their agents, servants and employees, to hire, train, supervise, discipline, or in any other ways control the Defendants, in the exercise of their functions and their failure to enforce the law of the State and City of New York was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including Plaintiff; and,

e) due to the acts of the Defendant, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the Defendants and their continued employment of the Defendants present a clear and present danger to the citizens of the City and State of New York; and

f) that the Defendant, their agents, servants and employees permitted the use of policy and/or drafted policy that was volatile of the constitutional rights of the above-named Plaintiff; and in that each and all of the acts of the Defendants, their agents, servants and employees alleged herein were don not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the County of New York, and under the authority of their office as police officers for aid city and county.

VII

## AS AND FOR AN SEVENTH CAUSE OF ACTION
## ATTORNEY FEES UNDER 41 U.S.C. § 1988

57: The plaintiff repeats, reiterates, re-alleges and incorporates paragraphs numbered 1 through 56 inclusive as if fully set forth herein and Plaintiff further alleges:

58: That in the event this Court or jury determines that the plaintiff's civil rights have been violated under 42 U.S.C. Section 1981, 1983, 1985(3) or his state claims and he is victorious upon a related claim herein, he demands attorney fees to compensate him/or his attorneys for their time, expenses, disbursements, and efforts in prosecuting his claim.

59: That the plaintiff is entitled to and hereby makes claim for the recovery of reasonable attorney's fees incurred as a result of prosecuting his claim against the individually named police officer pursuant to 42 U.S.C. §1988.

VIII

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST ALL DEFENDANT'S, PUNITIVE DAMAGES
## AGAINST EACH INDIVIDUALLY NAMED DEFENDANT

60: The Plaintiff repeats, reiterates, and re-alleges paragraphs numbered 1-59 with the same force and effect as if fully set forth herein and the Plaintiff further alleges that

61: The Plaintiff seeks punitive damages against each individually named Defendant to deter like-minded individuals from engaging in similar conduct.

62: By reason of the forgoing, the Plaintiff has been damaged in the sum that exceeds the jurisdictional limits of this and any other court having jurisdiction.

a) Compensatory damages in the sum, which exceeds the jurisdictional limits of this and any other court having jurisdiction.

b) Punitive damages in the sum that exceeds the jurisdictional limits of this and any other court having jurisdiction.

c) One million dollars on the 42 USC section 1983 et al claims;

d) An award of reasonable attorney's fees, costs and disbursements;

e) Plaintiff requests a trial by jury of all issues involved in this complaint;

f) Such other and further relief as this Court may deem just, meet and proper under the circumstances

Dated: January 30, 2015
New York, New York

Neville O. Mitchell, Esq.
Attorney for the Plaintiff
351 West 114th Street #2A
New York, New York 10026
Tel. (212) 619-2800

ATTORNEY VERIFICATION

Neville O. Mitchell, an attorney duly admitted to practice in the Courts of the State of New York affirms the following under penalties of perjury:

1. I am the attorney for CURTIS DANCY.

2. My office is located at 351 West 114th Street #2a New York New York 10026.

3. I verify on behalf of my client because my office is in New York County and my client resides outside of New York County.

4. I have read the Complaint herein and have discussed it with my client.

5. All facts stated herein are true after a full investigation and consultation with my client.

6. All other matters alleged upon information and belief I believe to be true. They are based on consultations with my client.

Dated: January 30, 2015
New York, New York

Neville O. Mitchell, Esq.